In Re:  Anthony Pollina, No. 699-11-02 (Teachout, J., Nov. 5, 2002)


[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]


**STATE OF VERMONT**
**WASHINGTON COUNTY, SS.**


|  |  |  |
|---|---|---|
| | ) | |
| **In Re: Petition of** | ) | **Docket No. 699-11-02 Wncv** |
| **ANTHONY POLLINA** | ) | |
| | ) | |


### FINDINGS, CONCLUSIONS, AND ORDER


   This matter came before the court on a Petition of Anthony Pollina to cast a vote in the general election on November 5, 2002, consisting of affidavits of Anthony Pollina and June Lakin, Town Clerk of the Town of Middlesex, Vermont.

 Prior to election day, Mr. Pollina had requested, and had received, an early voter absentee ballot pursuant to Subchapter 6 of Chapter 51 of Title 17 of the Vermont Statutes Annotated.  He mislaid or misplaced the ballot and the special envelope required under 17 V.S.A. §2535(c), and could not locate it after a thorough search of his house and car.  He sought to vote in person in Middlesex, where he resides.  The Town Clerk confirms that he requested an absentee ballot on October 22, 2002, that he came to the polls to vote in person on November 5th as he had lost his absentee ballot, and that she would not permit him to vote in person as he did not return his absentee ballot.  17 V.S.A. §2548(b) provides that a "person who in good faith has received early voter absentee ballots for his use but has not yet marked them, if he finds that he is able to vote in person, may cast the early voter absentee ballots as provided above, or may vote in person after returning the complete set of unmarked ballots, together with the envelope intended for their return, to the presiding officer at the time the voter appears to vote in person."

 Mr. Pollina has filed a petition asking the court to fashion a remedy pursuant to 17 V.S.A. §2617: "In all cases for which no other provision has been made, the superior court shall

have general jurisdiction to hear and determine matters relating to elections and to fashion appropriate relief."

Subchapter 6 on "Early or Absentee Voters" contains no provisions for procedure in the event of an early voter absentee ballot that is lost between the time of receipt of it and the time for voting. It does, however, contain provisions for procedures in the event of an early voter absentee ballot that is lost in the mail (17 V.S.A. §2532(f)), spoiled (17 V.S.A. §2541(c)), or unused (17 V.S.A. §2548(5)). In all those instances, a voter is still entitled to cast a ballot. Spoiled or unused early voter absentee ballots are required to be returned to the Town Clerk; a ballot that is received in the mail later than "a reasonable period of time after mailing" is not required to be returned to the Town Clerk.

The fact that a voter has voted, whether in person or by a replacement early voter absentee ballot, is recorded on the entrance and exit checklists pursuant to procedures set forth in the statute to prevent the possibility of double voting by the voter. 17 V.S.A. §2546(a), 2548(a). A special provision allows a voter who is in possession of an early voter absentee ballot to choose to vote in person instead. 17 V.S.A. §2548(b). In the event of a person who submits two early voter absentee ballots, only the ballot with the earlier postmark is counted. 17 V.S.A. §2532(f). These statutes demonstrate a policy of flexibility in the manner of voting, while providing for strict protections to prevent the possibility of duplicate votes being counted for a single voter. In addition, the underlying purpose of the procedure is to provide procedures that expand the opportunities of voters to participate in the electoral process, while maintaining protections against duplicate voting.

Within this context, the fact that there is no specific statutory provision for procedure in the event of a lost early voter absentee ballot should not operate to deny a properly registered voter the opportunity to vote. Maximum participation in the electoral process is achieved by fashioning a remedy that provides for the voter to vote, as long as the protections against duplicate voting are in place, which they are. Mr. Pollina will only be able to vote once, even if he is allowed to vote without turning in his previously issued early voter absentee ballot and envelope. Once his ballot has been cast in whatever form, his name will be checked off on the entrance and exist checklists, and he will not be able to vote a second time. Another person who may find his lost ballot will not be able to use his missing ballot and envelope to cast an extra or illegal vote, as statutorily required procedures provide for the checking of names on the entrance and exist checklists.

2

For the foregoing reasons, the Court finds just cause to fashion the remedy of permitting Mr. Pollina to vote in person without returning his unused early voter absentee ballot and envelope, as long as the entrance and exist checklists do not show that he has already voted. In addition, pursuant to the provisions of 17 V.S.A. §2548(5), in the event that Mr. Pollina subsequently finds the missing early voter absentee ballot and envelope, he shall deliver them to the Middlesex Town Clerk so that they can be properly stored with election materials.

## ORDER

Based on the foregoing, relief is provided as follows:

1. The Middlesex Town Clerk shall permit Anthony Pollina to vote in person without returning his lost early voter absentee ballot and envelope if the voting checklists do not show that he has already cast a ballot in the election of November 5, 2002, and

2. In the event that Mr. Pollina subsequently finds the missing early voter absentee ballot and envelope, he shall deliver them to the Middlesex Town Clerk.

Dated at Montpelier this 5th day of November, 2002.

_____

Hon. Mary

Miles Teachout

Superior

Judge, presiding

3